UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN JAY POWERS,

    Petitioner,

v.                               CASE NO. 8:16-cv-1911-T-27TGW
                               CRIM. CASE NO. 8:89-cr-60-T-27TGW

UNITED STATES OF AMERICA,

    Respondent.
_____/

**O R D E R**

**BEFORE THE COURT** are Petitioner's Amended Motion Under 28 U.S.C. § 2255 to Vacate, etc. (cv Dkt. 14) and the Joint Stipulation Regarding Section 2255 Motion (cv Dkt. 21).[1] Upon consideration, Petitioner's § 2255 motion to vacate is GRANTED.[2]

Petitioner contends that his sentence was unconstitutionally enhanced under the ACCA's residual clause (18 U.S.C. § 924(e)(2)(B)(ii)), subjecting him to a 15 year minimum mandatory sentence on Counts Two and Three of the Superseding Indictment.[3] He correctly argues that the ACCA's residual clause was declared unconstitutional in *Johnson v. United States*, 135 S.Ct. 2251

---

[1] On August 26, 2016, the Eleventh Circuit granted Petitioner authorization to file the instant § 2255 motion to vacate (cv Dkt. 3).

[2] The United States waives any statute of limitations defenses (Dkt. 21 at n.3).

[3] Petitioner was convicted of transportation of stolen vehicles, in violation of 18 U.S.C. § 2312 (Count One); possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g) and 924(e) (Counts Two and Three); possession of an unregistered and altered firearm, in violation of 26 U.S.C. § 5861(d) (Counts Four and Five); interstate transportation of stolen firearms, in violation of 18 U.S.C. § 922(i) (Counts Six, Seven, and Nine); and possession of counterfeit security, in violation of 18 U.S.C. § 472 (Count Eight) (cr Dkt. 87). His sentence on Counts Two and Three were imposed under the ACCA (cr Dkts. 97, 98). His sentences were consecutive to his sentence in 8:89-cr-61-T-24TGW

(2015), which was made retroactive in *Welch v. United States*, 136 S.Ct. 1257, 1268 (2016). He argues he no longer has three ACCA qualifying predicate convictions.

Section 924(e)(1) of the ACCA provides that one who violates section 922(g) and has three prior convictions for a "violent felony" shall be imprisoned not less than fifteen years. "Violent felony" is defined as "any crime punishable by imprisonment for a term exceeding one year ... that—(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion [or] involves use of explosives...." *United States v. Braun*, 801 F.3d 1301, 1303 (11th Cir. 2015).

Counts Two and Three of the Superseding Indictment listed three prior convictions in support of the ACCA enhancement: (1) Michigan breaking and entering an occupied dwelling, (2) Michigan escape from jail with violence, and (3) Georgia burglary.[4] The question is therefore whether Petitioner has three qualifying predicate convictions for the ACCA enhancement. The parties stipulate that Petitioner's Michigan conviction for escape from jail with violence does not qualify as a "violent felony" because it does not satisfy either ACCA's elements clause of enumerated offenses clause. On *de novo* review, I agree. And without that prior conviction counting as a predicate offense under the ACCA, Petitioner does not have three qualifying predicate convictions.

To qualify as a "violent felony," a prior conviction must satisfy either the ACCA's elements clause or enumerated offense clause. "The first step in determining whether a prior conviction qualifies as a violent felony 'is to identify the specific crime at issue, generally using a categorical approach.'" *Turner v. Warden Coleman FCI (Medium)*, 709 F.3d 1328, 1335 (11th Cir. 2013),

---

[4] The Presentence Investigation Report lists two counts of federal bank robbery (PSR ¶ 53). Those convictions do not qualify as ACCA predicate offenses, however, since they were entered after the commission of the § 922(g) offense. *United States v. Richardson*, 166 F.3d 1360, 1361 (11th Cir. 1999).

2

*quoting United States v. Pantle*, 637 F.3d 1172, 1175 (11th Cir. 2011) (per curiam) (internal quotation marks omitted), *cert. denied*, ––– U.S. ––––, 132 S.Ct. 1091, 181 L.Ed.2d 976 (2012). Under this approach, only the fact of conviction and the statutory definition of the prior offense are considered. *Id*. A crime of violence within § 924(c) must categorically, by reference to the elements of the offense, and not the facts of the offense, have as an element "the use, attempted use, or threatened use of physical force against the person or property of another." *United States v. McGuire*, 706 F.3d 1333, 1336–37 (11th Cir. 2013), citing *United States v. Llanos–Agostadero*, 486 F.3d 1194, 1196 (11th Cir.2007). "In the context of the ACCA, 'the phrase 'physical force' means violent force—that is, force capable of causing physical pain or injury to another person.'" *Turner*, 709 F.3d at 1336, quoting *Johnson*, 130 S.Ct. at 1271 (emphasis in original).

Petitioner was convicted under M.C.L. § 750.197c. (PSR ¶ 49).[5] Under that statute, "violence" is defined as no more force than "any wrongful application of physical force against another person so as to harm or embarrass him." *See People v. Boyd,* 102 Mich. App 112, 116 (Mich. 1980) ("simple assault is either an attempt to commit a battery or an unlawful act that places another in reasonable apprehension of receiving an immediate battery"); *People v. Terry*, 217 Mich. App. 660, 662, 553 N.W.2d 23, 24 (1996) (spitting on prison officer's shoulder constitutes violent assault). And Michigan's standard jury instruction defines "violence" as any use of physical force

---

[5] M.C.L.§ 750c provides, in pertinent part:

(1) A person lawfully imprisoned in a jail, other place of confinement . . . who . . .through the use of violence, threats of violence or dangerous weapons, assaults an employee of the place of confinement or other custodian knowing the person to be an employee or custodian or breaks the place of confinement and escapes, or breaks the place of confinement although an escape is not actually made, is guilty of a felony . . .

3

against another person so as to harm or embarrass him/her." M.Crim. J.I. 17.14.[6]

Under the categorical approach, it must be determined "whether the least of the acts criminalized in the relevant statute requires 'the use, attempted use, or threatened use of physical force against the person of another.'" *See United States v. Moss*, 678 F. App'x 953, 955 (11th Cir. 2017), *citing Moncrieffe v. Holder*, ___ U.S. ___, 133 S.Ct. 1678, 1684, 185 L.Ed.2d 727 (2013). Since a simple assault, the least of the acts criminalized in § 750.197(c), does not constitute "force capable of causing physical pain or injury to another person," § 750.197(c) cannot categorically satisfy the elements clause. Accordingly, M.C.L. § 750.197c does not require the level of force necessary to qualify as a "violent felony" under the ACCA. And the parties agree that the statute is not otherwise divisible or amenable to the modified-categorical approach. (Dkt.21 at p. 3).

Accordingly, Petitioner's 1990 Judgment in Case No. 89-cr-60-T-27TGW is VACATED. A new sentencing hearing will be scheduled by separate order.

**DONE AND ORDERED** on October 5th, 2017.

*/s/ James D. Whittemore*

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies furnished to: Petitioner, Counsel of Record

---

[6] And the "legislative use of the word 'violence' in the statute was intended to include only the concept of violence implicit in assault and, therefore, that any assault committed by a prison resident on an employee of the prison, whether or not committed during an escape, falls within the purview of the statute." *People v. Johnson*, 115 Mich. App. 630, 633, 321 N.W.2d 752, 754 (1982).